420 So.2d 993 (1982)
Regina McDERMOTT
v.
NEW ORLEANS PUBLIC SERVICE, INC., George Bozonier and Continental Insurance Company.
No. 13061.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
*994 Robert T. Hughes, New Orleans, for plaintiff-appellee.
Floyd F. Greene, New Orleans, for defendant-appellant, New Orleans Public Service, Inc.
Charles R. Capdeville, Metairie, for defendants-appellants, George Bozonier and Firemen's Ins. Co. of Newark, N.J.
Before REDMANN, LOBRANO and WARD, JJ.
WARD, Judge.
Regina McDermott was injured on April 29, 1980, while she was riding as a fare-paying passenger on a NOPSI bus which rear-ended an automobile while both the bus and the automobile were travelling east on Chef Menteur Highway in the City of New Orleans. Ms. McDermott sued NOPSI, and NOPSI then filed a third party action against the alleged driver of the automobile, George Bozonier. After a bench trial, the Trial Judge found NOPSI's bus driver was clearly negligent, and he awarded Ms. McDermott $15,161.25 for medical expenses; $14,000.00 for lost wages; $96,000.00 for diminished earning capacity; and $150,000.00 for general damages. On the other hand, he found NOPSI had not proved that Bozonier was the driver of the other automobile, and he rendered judgment for Bozonier and his insurer, dismissing NOPSI's third party demand.
NOPSI has appealed and contends that the Trial Judge erred, first, when he found the NOPSI bus driver negligent, and second, when he found Ms. McDermott suffered injuries as a result of the accident. Although NOPSI does not contend that Ms. McDermott is not seriously injured, it vigorously argues that it is not liable for these injuries because they are not related to this accident, but were the result of a prior, unrelated accident. Finally, in the alternative and in support of its third party claim, NOPSI argues that the Trial Judge erred in dismissing the third party claim against the driver because the driver of the automobile was proved to be Bozonier, whose negligence was the sole cause of both the accident and whatever injuries Ms. McDermott suffered in the accident, if any.
The third party defendant Bozonier and his insurer have answered the appeal, claiming that the dismissal against them was proper. Ms. McDermott has filed an answer to NOPSI's appeal, seeking to affirm the judgment against NOPSI.
The accident occurred on the Chef Menteur Highway just beyond the intersection of Chantilly Drive where there is a traffic light which controls the intersection of *995 Chantilly and the highway. At this part of the highway, there are three eastbound traffic lanes, and the NOPSI bus was travelling east in the outer right lane. There is a factual dispute as to what occurred immediately before the bus hit the automobile.
The NOPSI driver testified that while he was operating the bus, the driver of an automobile changed lanes without notice, swerved in front of the bus, and abruptly stopped. The bus driver testified that he himself was going a little fast, but he claimed he could not have avoided rear-ending the automobile, although he had been able to fan his brakes before the impact.
On the other hand, Ms. McDermott and her witnesses, who were also passengers, testified that the driver was going fast and crossed the intersection in an attempt to beat the light by crossing on either a red or yellow light before rear-ending the automobile. Additionally, contradicting the driver, these witnesses testified that the driver of the automobile had not changed lanes, but while travelling in the same lane, stopped directly in front of the bus before it was rear-ended. Ms. McDermott testified that after the impact she was thrown against the seat in front of her and that she sustained injuries in the accident.
After the accident, while the bus driver was using the telephone to call his dispatcher, the driver of the automobile left the scene. Nonetheless, the bus driver testified that before using the telephone, he had an opportunity to speak with the other driver, who appeared to be drunk. As a matter of fact, all the witnesses who had observed the driver of the car testified that he walked and talked in an intoxicated manner.
In NOPSI's third party claim, however, the issue is identification, not intoxication, because Bozonier emphatically denied he was the driver of the automobile and accounted for his presence at another place on the date and time of the accident. Furthermore, NOPSI's bus driver, to his credit, admitted he was not sure Bozonier was the other driver, and he refused to make an identification. Moreover, other witnesses in the case testified Bozonier was not the driver.
We hold that the Trial Judge was correct, and we affirm his judgment for the following reasons. Because NOPSI is engaged as a common carrier operating a public conveyance, it owes a special duty to its fare-paying passengers, and there is a presumption that NOPSI has breached its duty when a fare-paying passenger is injured. This presumption shifts the burden to NOPSI to prove that it was not negligent. The law is stated in Davis v. Owen, 368 So.2d 1052 (La.1979):
Because plaintiffs were fare-paying passengers on a public conveyance and were injured, defendant NOPSI had the burden of proving that it was without the slightest degree of negligence. As this Court stated in Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963):
The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case.
* * * * * *
A public carrier of passengers while not an insurer is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence.
* * * * * *
The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted to prevent injury to passengers, the carrier being held liable for the slightest negligence with reference to the exercise of such care. (Citations omitted).
NOPSI has not shown that the bus driver was not negligent; rather, the evidence shows both that he was able to fan his brake at least once before rear-ending the car and that he was travelling "a little fast." The Trial Judge found that NOPSI *996 has not proved that it was without negligence, and his factual finding was not clearly wrong; moreover, it is patently correct. Canter v. Koehring Co., 283 So.2d 716 (La.1973), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The central issue in this appeal, however, is the proof of the cause of extensive injuries which Ms. McDermott unquestionably has suffered. Were the injuries caused by the negligence of NOPSI or by a work related accident? As we have said, Ms. McDermott had been injured before this accident, and NOPSI vigorously argues that all of her injuries resulted from the earlier accident, and none from this one. Hence, the issue is not whether this accident aggravated pre-existing injuries; the issue in this case is whether this accident caused any of the injuries which Ms. McDermott has suffered.
Cause in fact, as distinguished from proximate cause, is a factual issue, which is best decided by the trier of fact, the Trial Judge in this case, who found that the traffic accident was the cause of Ms. McDermott's injuries. Again, the rule as to factual issues is:
In reviewing the questions of fact and conclusions of fact involved in this suit for damages, the Court of Appeal is mandated to leave undisturbed factual findings of the trial court based upon evidence which furnished a reasonable factual basis for those findings unless it finds manifest error. `Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.' Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). If, however, the appellate court concludes that the trial court's factual findings are clearly wrong, the mere fact that some record evidence appears which would furnish a reasonable factual basis for the contested findings does not require affirmance. Arceneaux v. Dominigue, 365 So.2d 1330 (La.1978).
Davis v. Owen, 368 So.2d 1052, 1056 (La. 1979). The record does not show that the Trial Judge was clearly wrong when he determined that Ms. McDermott's injuries were caused by the bus driver's negligence in this accident. His finding is supported by the record.
The record is clear in one instance, Dr. Jarrott testified that it was his opinion that the plaintiff's problems were caused by the bus accident; in addition, Dr. Llewellyn wrote in his report which was made part of the record, that Ms. McDermott's "problems had their origin on April 29, 1980, and were the consequences of an automobile accident."
On the other hand, NOPSI's attempt to show that this accident was not the cause of the injuries rests primarily on the claim that Ms. McDermott had suffered an earlier injury which had required physical therapy. The record shows, however, that she had been discharged from treatment on March 7, 1980, more than one month before this accident occurred. We, therefore, will not disturb the Trial Judge's factual finding that the present accident, which occurred while Ms. McDermott was a passenger on a NOPSI bus, caused her injuries.
The record also indicates that the Trial Judge was correct when he found that George Bozonier was not proven to be the intoxicated driver of the automobile which the bus rear-ended. Although he had been linked to the accident by means of the license number of the car involved, Bozonier denied that he was the driver or that he had been in the accident; moreover, he described his activities at the time of the accident. Although the driver of the car had been observed by several of the witnesses who testified at trial, their testimony clearly did not prove that Bozonier was the driver; rather they testified that Bozonier was not the same man who drove the car, and most significantly, the driver of the bus refused to cast Bozonier as the other driver.
*997 The evidence supports the conclusion of the Trial Court that Bozonier, who appeared at trial, was not the same person who was driving the car and who left the scene of the accident. The dismissal of NOPSI's third party action against Bozonier was correct.
AFFIRMED.